**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0908n.06
Filed: November 17, 2005

**No. 04-4052**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

GEORGE QUMSEYA,                                )
                                               )
        Petitioner,                            )     ON PETITION FOR REVIEW OF AN
                                               )     ORDER OF THE BOARD OF
v.                                             )     IMMIGRATION APPEALS
                                               )
ALBERTO GONZALES, Attorney General,            )
                                               )
        Respondent.                            )
                                               )

Before: RYAN, GILMAN, and COOK, Circuit Judges.

PER CURIAM. Petitioner, George Qumseya, seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. Because substantial evidence supports the IJ's decision, we deny Qumseya's petition for review.

I.

Qumseya, a Palestinian Christian, came to the United States because the armed conflict between Israelis and Palestinians made living conditions in Palestine unbearable. Once in the United States, Qumseya applied for asylum with the former Immigration and Naturalization Service ("INS"). The INS determined Qumseya was ineligible for asylum and initiated removal

proceedings. Before an IJ, Qumseya conceded his removability, but sought asylum, withholding of removal, and protection under the Convention Against Torture

Qumseya testified that his hometown was under Israeli occupation and that his family home had been shelled—its windows blown out and its foundation split apart. Qumseya also testified he was not permitted to travel to Jerusalem to pray because of Israeli-erected barricades. The IJ found Qumseya to be credible, yet nonetheless ineligible for relief because he did not meet the definition of a refugee. Qumseya timely appealed to the BIA, which affirmed without opinion. This petition for review followed.

Qumseya argues on appeal that the IJ's decision to deny relief for failure to "individualize" his claims represents "clear legal error." Qumseya points to federal regulations and "binding" precedent to support his claim. Applying the oft-cited appellate review standards, we uphold the decision of the IJ and BIA.

II.

A. Asylum

The IJ determined that Qumseya failed to establish eligibility for asylum because he "failed to individualize his claims to show that he was persecuted on account of his membership or on account of his being in one of the five protected categories"— the IJ concluded that "[Qumseya] has failed to show anything in this case other than that there are horrible country conditions." Because

"'conditions of political upheaval . . . are generally insufficient to establish eligibility for asylum,'" *Ali v. Ashcroft*, 366 F.3d 407, 410 (6th Cir. 2004) (quoting *Meghani v. INS*, 236 F.3d 843, 847 (7th Cir. 2001)), and because Qumseya's evidence does not compel a conclusion to the contrary, we cannot agree with Qumseya that this determination warrants reversal.

Qumseya's brief contends he was individually persecuted because he was prevented from practicing his religion. Specifically, Qumseya testified that Israeli troops prevented Christians from traveling to Jerusalem to pray on Christmas and Easter. The IJ concluded, however, that the travel restrictions were not imposed to prevent the practice of religion, but rather for security purposes. Furthermore, the IJ determined the restrictions were equally enforced against all Palestinians, not just Christians, and found that Qumseya could practice his religion at local churches without any interference. The IJ based its conclusions in part upon a United States Department of State Country Report, a source of information we consider reliable. *See Mullai v. Ashcroft*, 385 F.3d 635, 639 (6th Cir. 2004) ("[W]e have relied on State Department reports when reviewing an IJ's decision. Thus, the IJ's reliance on these reports is supportable.") (internal citations omitted). Accordingly, we find substantial evidence supports the IJ's determination that Qumseya failed to demonstrate he was individually persecuted on the basis of his religion.

Qumseya calls our attention to two cases in which individualized persecution was not an absolute requirement for relief. We find both cases distinguishable from his. In *Ouda v. INS*, 324 F.3d 445 (6th Cir. 2003), an alien demonstrated a well-founded fear of persecution by establishing

that her family, still living in Kuwait, was subjected to beatings and torture by the Kuwaiti government because they were Palestinian. Qumseya, on the other hand, testified that his sister was still living in Palestine and that his parents, who were visiting the United States, intended to voluntarily return there after his court proceedings. He did not testify that his family suffered any harm. This weakens Qumseya's claim of persecution. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution . . . is weakened, even undercut, when similarly-situated family members continue to live in the country without incident . . . .").

Qumseya also points us to *Singh v. INS,* 94 F.3d 1353 (9th Cir. 1996). The court in *Singh* held that an individualized showing of persecution was not necessary where the alien established "a pattern or practice . . . of persecution of groups of persons similarly situated to the applicant." *Singh*, 94 F.3d at 1359 (quotations omitted); *see also* 8 C.F.R. § 1208.13(b)(2)(iii)(A). As we discussed above, however, Qumseya's testimony did not demonstrate persecution against a group, but rather demonstrated the harsh consequences civilians suffer as a result of an armed conflict.

## B. Withholding of Removal

The government contends Qumseya abandoned his claim for withholding of removal by failing to challenge the denial of that claim on appeal. Yet this court holds that where an alien "argued before the BIA that the IJ had erred in finding that the incidents described . . . did not constitute persecution . . . [the] argument is pertinent to both the claim for asylum and the claim for withholding of removal." *Gilaj v. Gonzales,* 408 F.3d 275, 289 (6th Cir. 2005). Nevertheless,

Qumseya is not entitled to relief absent a showing of a "clear probability that he [would] be subject to persecution if forced to return to the country of removal." *Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004); *see also* 8 C.F.R. § 208.16(b). Given our decision regarding his failure to hurdle the lesser standard required for asylum relief, it follows that Qumseya falls short of meeting the more stringent withholding standard. *Koliada v.INS*, 259 F.3d 482, 489 (6th Cir 2001).

III.

We deny the petition for review.