NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0717n.06

No. 10-4625

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

HERMAN ORDONEZ, MAURA ORDONEZ, )
)
  Petitioners, )
)
v. )
)
ERIC H. HOLDER, JR., Attorney General, )
)
  Respondent. )
)
)
)
)
)

**FILED**

***Oct 18, 2011***

LEONARD GREEN, Clerk

ON PETITION FOR REVIEW OF
AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS

Before: MARTIN, GIBBONS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Herman Ordonez and his wife, Maura, both natives and citizens of Guatemala, petition for review of an order of the Board of Immigration Appeals denying their applications for asylum and cancellation of removal.

Herman entered the United States without inspection in 1991 and applied for asylum shortly thereafter. Maura entered the United States without inspection in 1996. After the two married, Herman amended his asylum application to include Maura as a derivative beneficiary. Both filed applications for cancellation of removal. Herman testified to the following facts during his deportation hearing.

In the mid-1980s—during the civil war between the Guatemalan military and insurgent groups—Herman had several encounters with armed groups of military men. When he was about 16, one such group roused him and his family during the night and brought the family to the center of town, where they were detained—along with all other town residents—for about nine hours. They were not harmed during the detention.

When Herman was 17, a group of soldiers interrogated him about his connection to the guerillas. When he failed to provide any information, the men punched and kicked him. Later that year, Herman was interrogated for a second time. Again, he failed to provide information about the guerillas, so the men beat him and threatened to kill him.

Herman also testified that he was detained, accused of being a guerilla, and questioned by the military or ex-military personnel on several occasions. He was released quickly each time because his uncle was a military commissioner.

Following these encounters, Herman moved to Guatemala City, where he lived and worked for approximately three years. He was not harassed or harmed by the military during this time period.

Herman testified that he fears returning to Guatemala because military men accused him of being a guerilla and threatened to kill him when he was a teenager. He stated that he also fears general political violence, human rights abuses, crime, and violence against women and children if he returns to Guatemala with his family. Both Herman and Maura testified that they would not earn much money in Guatemala and that their two American-citizen daughters would have a hard time adapting to life there.

The immigration judge denied Herman's asylum application, reasoning that Herman had not been targeted on account of his political opinion or social group and that, in any event, the harm he had experienced in Guatemala did not rise to the level of persecution. The IJ also determined that Herman did not have a reasonable fear of future persecution because his past harm occurred during the Guatemalan civil war, which ended in 1996. Finally, the IJ denied Herman and Maura's applications for cancellation of removal because they did not establish that their daughters would experience exceptional hardship upon removal.

On appeal, the Board found that Herman did establish that he had been harmed on account of an imputed political opinion. The Board affirmed the denial of all forms of relief following the remainder of the IJ's reasoning.

Where, as here, the Board issues its own opinion, we review that opinion as the final agency determination; but we also review the IJ's decision to the extent the Board adopted its reasoning. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review questions of law de novo and factual findings for substantial evidence, reversing only if the evidence presented compels a contrary conclusion. *Id.*

Herman argues that the IJ and the Board erred in denying his asylum application. To prevail on his asylum claim, Herman must establish that he is unable or unwilling to return to Guatemala because he either suffered past persecution or has a well-founded fear of future persecution on the basis of his imputed political opinion as a guerilla supporter. *See* 8 U.S.C. § 1158(b)(1)(B); *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004). Persecution requires "more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by physical punishment, infliction

of harm, or significant deprivation of liberty." *Gilaj v. Gonzales*, 408 F.3d 275, 284 (6th Cir. 2005)

(quoting *Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998)). It does not include all conduct

that "our society regards as unfair, unjust, or even unlawful or unconstitutional." *Mohammed v.*

*Keisler*, 507 F.3d 369, 371-72 (6th Cir. 2007). The "critical factor" in deciding whether persecution

occurred is whether "the overall context in which the harmful conduct occurred" supports a finding

that Herman was targeted for abuse based on his imputed political opinion. *See Gilaj*, 408 F.3d at

285.

Herman asserts that the Board erred in finding that his two beatings and multiple detentions

did not rise to the level of past persecution. But Herman's detentions were generally short and

uneventful because of his uncle's military employment. His longest detention—during which he was

held at the center of town for nine hours—does not appear have been based on any imputed political

beliefs; instead, every resident of town was detained at the same time for unknown reasons, and

Herman was neither harmed nor singled out during the event. *See id.* ("[T]he applicant must

establish that he or she was specifically targeted by the government for abuse based on a statutorily

protected ground and was not merely a victim of indiscriminate mistreatment"). Moreover, Herman

did not present evidence that his beatings caused serious injury or required medical treatment. Under

these circumstances, the evidence does not compel a finding that Herman was persecuted on account

of a protected ground. *See id.* at 284; *Gjokic v. Ashcroft*, 104 F. App'x 501, 505-06 (6th Cir. 2004).

Next, Herman argues that the Board erred in finding that he had not established a well-

founded fear of future persecution. Where, as here, an asylum applicant cannot establish past

persecution, he must demonstrate a genuine, subjective fear of future persecution that is objectively

reasonable. *Pilica*, 388 F.3d at 950; 8 C.F.R. § 1208.13(b)(2). Herman testified that he feared future persecution based on the death threat he received in the mid-1980s. But that threat stemmed from a civil war that has been over for fifteen years. Moreover, Herman's family members who received similar threats have continued to live in Guatemala without suffering persecution by the military. And Herman lived in Guatemala City for three years after the events in question without incident. Thus, any fear of future persecution on the basis of threats made during the civil war is not objectively reasonable.

Nor has Herman established a pattern or practice of persecution of similarly situated individuals in Guatemala on account of a pro-guerilla political opinion. *See* 8 C.F.R. § 1208.13(b)(2)(iii). He testified that he fears human-rights abuses and other crime; but the evidence does not establish that such harm specifically affects people who support—or are believed to support—the guerilla movement. Instead, the record indicates the presence of crime, political violence, and violence against women in a more general sense. The fear of crime and unsafe conditions—untethered to a protected ground—is "not relevant to . . . fear of future political persecution." *See Koliada v. INS*, 259 F.3d 482, 488 (6th Cir. 2001). The record thus does not compel us to reverse the Board's finding that Herman did not establish a well-founded fear of future persecution.

Finally, Herman and Maura do not clearly challenge the Board's denial of cancellation of removal before this court. They have thus waived any argument with respect to that denial. *See Bi Feng Liu v. Holder*, 560 F.3d 485, 489 n.4 (6th Cir. 2009).

The petition for review is denied.