RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0016p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

KINGSLEY OWUSU,

*Petitioner*,

*v.*

No. 23-3350

MERRICK B. GARLAND, Attorney General,

*Respondent*.

─────────────────

On Petition for Review from the Board of Immigration Appeals.
No. A 206 677 811.

Decided and Filed:  January 24, 2024

Before:  GIBBONS, WHITE, and THAPAR, Circuit Judges.

─────────────────

**COUNSEL**

**ON BRIEF:**  Charles E. Smith, Jr., Columbus, Ohio, for Petitioner.  Stephen Finn, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────────

**OPINION**

─────────────────

THAPAR, Circuit Judge.  Kingsley Owusu seeks asylum and withholding of removal. Because he fails to show state-sanctioned persecution, we deny his petition.

I.

Before entering the United States, Kingsley Owusu lived in Ghana.  During 2012 and 2013, Owusu experienced three violent incidents.

The first incident occurred as Owusu went door-to-door with a crowd to promote the New Patriot Party (NPP) for an upcoming election. As the crowd attempted to enter one house to campaign, Mohamod, a man from the opposing National Democratic Congress party (NDC), denied the crowd entry. An argument ensued, during which one NPP member, Kwadwo Asamoah, shot Mohamod in the knee. Other NDC members soon arrived on scene and threatened to avenge the shooting.

Several months later, Owusu and Asamoah were outside when two individuals approached and pointed guns at them. One of the assailants shot Asamoah. Owusu then fled as the individuals began shooting indiscriminately. Additional assailants arrived and attacked Asamoah with machetes. He died from his injuries. Police arrested nineteen suspects but ultimately released them without filing charges. For his part, Owusu never contacted the police about the incident.

Later that year, two men with machetes drove toward Owusu as he was walking outside. Owusu ran, hiding at a nearby farm. Eventually, the men gave up looking for him. But as the men left, they resolved to kill Owusu one day. As before, Owusu didn't tell the police about this episode.

Owusu then fled to the United States. He sought asylum and withholding of removal.[1] An immigration judge found that (1) Owusu failed to show that the Ghanaian government is unwilling or unable to address the harm he faced from private actors, (2) Owusu's three violent incidents didn't amount to past persecution, (3) Owusu couldn't establish a well-founded fear of future persecution, and (4) even if Owusu faced persecution, Owusu could avoid it by relocating to a different part of Ghana. Based on these findings, the judge denied asylum and withholding.

Owusu appealed to the Board of Immigration Appeals. The Board dismissed the appeal, agreeing with the immigration judge's four findings. Additionally, the Board found that Owusu's troubles in Ghana stemmed from Asamoah's assault of Mohamod, not Owusu's

---

[1]Owusu also sought relief under the Convention Against Torture, which the immigration judge denied and the Board affirmed. Because Owusu didn't brief this claim before us, we don't address it. *See Ramos Rafael v. Garland*, 15 F.4th 797, 800 (6th Cir. 2021).

political opinions or party membership.  And as the Board noted, persecution stemming from a personal grudge doesn't qualify for asylum or withholding.

Owusu now petitions this court for review.

II.

To be eligible for asylum or withholding, Owusu must show either past persecution or a well-founded fear of future persecution.  8 U.S.C. §§ 1158(b)(1)(B)(i), 1101(a)(42)(A); 8 C.F.R. § 1208.13(b).  And to demonstrate "persecution," Owusu must show state action.  *Ortiz v. Garland*, 6 F.4th 685, 686–87 (6th Cir. 2021).  He may do this in two ways.  First, he can show that his persecutor is a state actor.  *Id.*  Or, he can show the Ghanaian government has a "repeated and demonstrated inability" to protect him from private persecutors.  *Id.* at 690.

The Board of Immigration Appeals found that Owusu failed to show state action.  Our review of that factual finding is "highly deferential," so we won't disturb the Board's finding unless the evidence "*compels*" a different result.  *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014) (internal quotation marks omitted).  Owusu fails to meet this burden.

At the outset, Owusu doesn't allege that his previous assailants were government actors.  Instead, he tries to show state action by arguing (1) the Ghanaian police will persecute him as a member of the NPP, and (2) the police won't protect him from NDC persecution.  Owusu offers three pieces of evidence, none of which is compelling.

First, Owusu cites an article describing how Ghanaian police killed a group of seven individuals, at least three of whom were NPP members.  Owusu considers this proof that the police will either persecute him or acquiesce in NDC persecution.  But Owusu reads too much into the article.  For one, the seven individuals appear to have been members of a "vigilante group" who were actively shooting at the police when they were killed.  AR. 262.  For another, it appears the police had confused the group with an eight-man gang that had recently killed a police officer.  The fact police returned fire against a group of suspected murderers doesn't tell us much about Owusu's future safety in Ghana.  And it certainly doesn't compel us to conclude that police either persecute NPP members or are unwilling to protect them.

Second, Owusu alleges the police "turned a blind eye" to Asamoah's murder. Pet'r Br. 18. But his evidence on this point is unconvincing. To start, Owusu contradicts himself. At one point, he testified that the police "did nothing" in response to the shooting. AR. 164. In other places, he claims police performed an investigation, gathered enough evidence to press charges, but nonetheless released all the suspects. Given these contradictions, Owusu's testimony does not establish that the Board failed to make a "substantially reasonable" finding. *Klawitter v. I.N.S.*, 970 F.2d 149, 151 (6th Cir. 1992). Moreover, to the extent police should have done more, Owusu might be partially to blame. He never contacted police about the murder, despite claiming to be an eyewitness.[2] *Cf. Ortiz*, 6 F.4th at 687. That makes it difficult to gauge anything about the police's ability or willingness to protect him. *See Palucho v. Garland*, 49 F.4th 532, 537 (6th Cir. 2022) ("[A]n immigrant's failure to report crimes to the police will make it more difficult to show that the government was unable or unwilling to control the criminals."). Accordingly, the police's response to Asamoah's murder does little to show state action.

Lastly, Owusu claims the Ghanaian police "don't like" NPP members and have been killing them "for a very long time." AR. 150–51. But his evidence is scant. Aside from the news article and Asamoah incident, Owusu's only example of anti-NPP behavior is his claim that police dumped acid on a man's face. Owusu offers no additional details or evidence about this incident, except for a vague allegation that it "came as a result of a political issue involving the NPP." AR. 151. That's not enough to disturb the Board's decision.

Moreover, Owusu's own allegations about the police's anti-NPP bias are equivocal. Before this court, he claims that the police are "notorious[ly]" pro-NDC. Pet'r Br. 18. But in the testimony he cites to support that assertion, Owusu acknowledged he "[doesn't] know" if the police favor any political parties. AR. 151.

Taken together, Owusu's evidence doesn't compel us to conclude that the police persecuted him in the past or will persecute him in the future. Nor does it prove that police are

---

[2]Below, Owusu claimed he'd have been "hunted" if he said anything to the police. AR. 4, 163. But Owusu didn't cite any evidence supporting this claim. Nor did he allege that the *police* would hunt him, rather than private parties.

unable or unwilling to protect Owusu from private persecution.  Thus, Owusu fails to establish state action.  And without state action, Owusu is ineligible for asylum or removal withholding.

\*       \*       \*

The petition for review is denied.