NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0183n.06
No. 23-3852

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

CLAUDIA MARIA PEREZ PORTILLO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

)
)
)
)
)
)
)
)
)
)

FILED
Apr 25, 2024
KELLY L. STEPHENS, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

OPINION

Before: SUTTON, Chief Judge; GRIFFIN and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Claudia Perez petitions for review of a Board of Immigration Appeals (BIA) order dismissing her appeal from the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because substantial evidence supports the BIA's decision, we deny the petition.

**I.**

Perez, a native and citizen of El Salvador, illegally entered the United States at the age of 17. Soon after, the Department of Homeland Security served her with a Notice to Appear in removal proceedings. She later conceded removability and applied for various forms of relief from removal.

Before coming to the United States, Perez lived with family in El Salvador. She attended secondary school in a municipality 45 minutes away from her home. This commute traversed rival gang territories—Perez lived in an area the MS 13 gang controlled, whereas her school was in an area under the sway of the Mara 18 gang.

For two years, members of both gangs harassed Perez. On one occasion, Mara 18 gang members surrounded Perez and her friends in a park near their school and mugged them. On another occasion, another gang member riding the bus with Perez struck her arm while attempting to steal her cellphone. During these and other incidents, gang members threatened that, should Perez make any reports to the police, she would be killed. Undeterred, Perez reported the issues to school administrators. The school arranged for military protection for students near the school's building, although those efforts did not extend to busing or other daily encounters.

Tragically, rival gang members later killed one of Perez's neighbors as well as a cousin of one of Perez's closest friends. Due to these incidents and her fear of traveling to school, Perez fled El Salvador for the United States, where her mother already lived. She later sought asylum, withholding of removal, and CAT protection.

At a hearing before an Immigration Judge (IJ), Perez testified in support of her application. The same day, the IJ issued an oral decision denying Perez's application, which was followed by a revised written decision. Perez filed an appeal with the BIA, and the BIA adopted and affirmed the IJ's decision and ordered Perez's removal. This timely petition for review followed.

**II.**

Today's case follows a well-trodden procedural path. An applicant seeking asylum, withholding of removal, or CAT relief begins with proceedings before an IJ followed by an appeal to the BIA and, if desired, a subsequent appeal to the court of appeals. *Singh v. Ashcroft*, 398 F.3d 396, 400 (6th Cir. 2005). When the case arrives here, we review the BIA's decision, and, to the extent the BIA adopted the IJ's reasoning, we necessarily review the IJ's decision as well. *Sanchez-Robles v. Lynch*, 808 F.3d 688, 692 (6th Cir. 2015). We review legal conclusions de novo. *Zometa-Orellana v. Garland*, 19 F.4th 970, 976 (6th Cir. 2021). And we review factual

findings for substantial evidence, meaning we will not disturb the IJ's findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Owusu v. Garland*, 91 F.4th 460, 463 (6th Cir. 2024). "Reversal of a factual determination," in other words, is warranted only "when the reviewing court finds that the evidence not only supports a contrary conclusion, but *compels* [as much]." *Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004).

A. Perez first challenges the IJ's denial of her application for asylum. To qualify for asylum, Perez must show that she is a "refugee" under 8 U.S.C. § 1101(a)(42)(A), which requires an initial showing that she either "suffered actual past persecution" or has a "well-founded fear of future persecution . . . on account of race, religion, nationality, membership in a particular social group, or political opinion." *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004).

Congress did not define "persecution." This Court, however, has given meaning to the term in part by reference to what it is not. For example, we have recognized that persecution requires "more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998). To that end, not "every sort of treatment our society regards as offensive" counts as persecution. *Japarkulova v. Holder*, 615 F.3d 696, 699 (6th Cir. 2010) (quoting *Ali v. Ashcroft*, 366 F.3d 407, 410 (6th Cir. 2004)); *see also, e.g.*, *Maraziegos-Morales v. Garland*, Nos. 20-3777/4171, 2021 WL 3140322, at *3 (6th Cir. July 26, 2021) (agreeing with the IJ's conclusion that threats by gangs not acted upon were not persecution); *Thapa v. Holder*, 572 F. App'x 314, 320 (6th Cir. 2014) (concluding that dozens of robberies in an area where robberies were commonplace amounted to "general unlawfulness" and not persecution).

Substantial evidence supports the IJ's denial of asylum. Start with the IJ's finding that Perez did not experience actual past persecution. Perez presented credible testimony that she was threatened, robbed, and even struck by gang members when she resisted their attempts. The IJ credited this testimony, along with evidence regarding pervasive gang violence in El Salvador. But the IJ nonetheless concluded that what Perez experienced fell short of the harm required for persecution. Before us, Perez cites to the same evidence already considered by the IJ. That evidence shows that Perez experienced isolated incidents of crime in a place where crime broadly affects the population. That does not amount to persecution. *See Lumaj v. Gonzales*, 462 F.3d 574, 577–78 (6th Cir. 2006) (noting that if an incident was isolated, with "no evidence . . . that the attack was any more than a random criminal act," it was less likely to be sufficient for a finding of persecution). All told, there is no basis to question the IJ's finding of no past persecution.

Nor did the IJ err in finding that Perez failed to show a well-founded fear of future persecution. Because Perez did not establish past persecution in El Salvador, she was not entitled to a legal presumption of future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1) (asylum), 1208.16(b)(1) (withholding of removal). And more to the point, the IJ credited evidence regarding Perez's similarly-aged sister, who attended the same schools as Perez and continues to live in the same area in El Salvador. There is no evidence that she has been harmed or threatened, which, we agree, undermines Perez's claim of future persecution. *See Qumseya v. Gonzales*, 159 F. App'x 635, 637 (6th Cir. 2005); *Vanderkley v. Holder*, 345 F. App'x 79, 87 (6th Cir. 2009). What is more, Perez is now an adult who has finished her high school education in the United States, thereby lowering the likelihood that she would encounter the problems of gang rivalry on and around school property. We agree that her fear of future persecution is not objectively reasonable.

*See Ordonez v. Holder*, 446 F. App'x 750, 753 (6th Cir. 2011). We thus see no basis for undoing the asylum denial. *See* 8 U.S.C. § 1252(b)(4)(B).

Perez urges a different conclusion. First, she argues that the IJ and the Board failed to consider all of the evidence. But the IJ was not required to refute every piece of evidence offered by Perez. *See Stserba v. Holder*, 646 F.3d 964, 978 (6th Cir. 2011). And Perez's argument is premised on her disagreement with the IJ's weighing of the evidence, not on any proof that the IJ failed to consider the evidence. The IJ's findings are thus "conclusive." 8 U.S.C. § 1252(b)(4)(B). Next, she faults the IJ for relying on a since-vacated opinion, *Matter of A-B-*, 27 I. & N. Dec. 316, 320 (2018). But her contention ignores the fact that the IJ's edited decision, which the BIA reviewed, removed the reference to that case. The remainder of Perez's arguments address whether she was a member of a particular social group or whether her persecution had a nexus to her membership in such a group, points we need not address due to her failure to show persecution in the first place.

B. Perez also challenges the IJ's denial of her application for withholding of removal. Because substantial evidence supports the conclusion that Perez did not face persecution, her claim for withholding of removal fails.

As just explained, one basis for her denial of asylum was Perez's failure to demonstrate a compelling claim of persecution. In many respects, claims for asylum and withholding of removal have similar requirements. *See Hernandez-Hernandez v. Garland*, 15 F.4th 685, 688 (6th Cir. 2021). Yet protection from removal requires a more "stringent" showing of persecution than what is required for asylum. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 443–44 (1987); *see also Vasquez-Rivera v. Garland*, 96 F.4th 903, 907–08 (6th Cir. 2024) (summarizing standards for withholding of removal and asylum). To that end, an asylum applicant must prove she is "unable

or unwilling" to return to her home country because of past persecution or "a well-founded fear of persecution" "on account of" membership in a protected group. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i); *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010). By comparison, for withholding of removal, a petitioner carries a weightier burden. She must show a "clear probability" that, if removed, her "life or freedom would be threatened" "because of" membership in a protected group. 8 U.S.C. § 1231(b)(3)(A); *see Zaldana Menijar v. Lynch*, 812 F.3d 491, 498 (6th Cir. 2015). As a result, when an applicant has failed to show persecution under the more forgiving well-founded-fear standard governing asylum claims, she has necessarily failed to satisfy the clear probability standard governing removal. *See Marikasi v. Lynch*, 840 F.3d 281, 291–92 (6th Cir. 2016). That is the case here, dooming Perez's claim for withholding of removal.

Perez gains no traction in relying on *Guzman-Vasquez v. Barr*, 959 F.3d 253, 270–74 (6th Cir. 2020). That case concerned the requirement for both asylum and withholding of removal claims that there be a nexus between a claim of persecution and membership in a particular social group. But because substantial evidence supported the IJ's decision to deny Perez's withholding of removal claim based on the threshold issue of persecution, we need not reach the nexus issue at play in *Guzman-Vasquez*.

C. Finally, Perez challenges the denial of relief under the CAT. To qualify for CAT protection, Perez had to prove that it was more likely than not that she would be tortured by or with the acquiescence of the Salvadoran government if she returned to El Salvador. *See* 8 C.F.R. §§ 1208.17(a), 1208.18(a)(1). The IJ determined that Perez failed to meet her burden, and substantial evidence supports that determination.

Perez's CAT claim was based on the same grounds as her asylum and withholding of removal claims. For the same reasons that Perez failed to demonstrate that persecution on these grounds was more likely than not, she also fails to demonstrate that torture on these grounds is more likely than not. *See Berri v. Gonzales*, 468 F.3d 390, 397–98 (6th Cir. 2006) (denying relief under the CAT where petitioners based their CAT claims on the same grounds as their unsuccessful requests for asylum and withholding); *see also Alhaddad v. Mukasey*, 302 F. App'x 458, 464 (6th Cir. 2008) (noting "torture includes only 'an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment'" and thus, to be considered torture, "an act must be specifically intended to inflict severe physical or mental pain or suffering" (cleaned up)).

Perez takes issue with the fact that, in her view, "the IJ and Board ignored the significant testimonial and documentary evidence that the Salvadoran government is blind to the risk that she will be tortured by the gangs." Yet, for the reasons discussed, substantial evidence supports the IJ's view that Perez was not tortured by the gangs. And in any event, there are countervailing points to Perez's argument. For instance, even assuming Perez could meet her burden to show torture, "[w]hen analyzing the state action dimension of a [CAT] claim, we often ask whether the applicant reported the harm they suffered to the authorities." *Sabastian-Andres v. Garland*, 96 F.4th 923, 931 (6th Cir. 2024). If not, that can be strong evidence that the government did not acquiesce to the applicant's torture. *Id.* at 931–32 (collecting cases). Here, no evidence suggests that Perez reported any of her gang-related encounters to the government, let alone that authorities in El Salvador ignored her requests for help. All said, substantial evidence supports the IJ's decision. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (setting forth that agency

determinations "must be upheld if supported by reasonable, substantial, and probative evidence" (cleaned up)).

*     *     *     *     *

For these reasons, we deny Perez's petition for review.